**Kate D. Flanagan**, OSB No. 213716
kate@bennetthartman.com
Telephone: (503) 227-4600
BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
Of Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON TEAMSTER EMPLOYERS TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF LAKEVIEW,<br><br>Defendant. | Case No.: _______________<br><br>COMPLAINT<br><br>(ERISA ACTION FOR DELINQUENT Contributions) |

1.

Plaintiffs, the Trustees of the Oregon Teamster Employers Trust, allege as follows:

**PARTIES**

2.

At all material times hereto, the Oregon Teamster Employers Trust (hereinafter, "Trust Fund") was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA and is administered by a Board of Trustees composed of an equal

number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186 of the LMRA.

3.

At all material times hereto, Defendant, Town of Lakeview ("Defendant") was and is an Oregon municipality.

**JURISDICTION AND VENUE**

4.

This court has jurisdiction over the Claim for Relief brought pursuant to ERISA, 29 USC §§ 1132 and 1145, and pursuant to LMRA, 29 USC §185.

5.

Venue is proper pursuant to ERISA, 29 USC § 1132.

6.

The Trust Fund maintains its principal office, within the meaning of ERISA, 29 USC § 1132(k), in the District of Oregon.

7.

The Trust Agreement provides that Plaintiffs may initiate legal proceedings in any court of competent jurisdiction in the district where the Trust Fund has an office.

**CLAIM FOR RELIEF:**

**ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA, SUBSCRIPTION AGREEMENT, AND NONBARGAINING UNIT AGREEMENT**

8.

Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 7 of this complaint as if set forth in full.

9.

At all material times to this proceeding, Defendant was bound by a written Collective Bargaining Agreement with Teamsters Union Local Number 223.



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

10.

By virtue of provisions in the Collective Bargaining Agreement, Defendant agreed to make timely contributions on behalf of all eligible bargaining unit employees in the amount set by the Trust Fund.

11.

At all material times to this proceeding, Defendant was bound by a written Subscription Agreement and Non-bargaining Unit Agreement with the Trust Fund.

12.

By virtue of provisions in the Subscription Agreement and Non-Bargaining Unit Agreement, Defendant agreed to make monthly contributions, in the amount set by the Trust Fund, on behalf of all eligible bargaining unit and non-bargaining unit employees; to pay interest and liquidated damages on delinquent contributions as laid out in the Trust Agreement; to pay the Trust's reasonable audit fees and attorney fees incurred as a result of Defendant's failure to abide by the agreements; and to be bound to the terms of the Trust Agreement and decisions of the Trustees of the Trust Fund.

13.

The Trust Agreement provides that contributions for employee benefits for each calendar month are due on the 15th day of the month following the month in which the hours are worked and payment is delinquent if not received by the close of business on the 15th.

14.

At the time the Trust Agreements were written it was impractical and extremely difficult to fix the amount of damages or harm that would be caused to the Trust Fund by the failure of an employer to properly and timely pay contributions. The Trust Agreement provides that in the event that contributions are not timely paid, liquidated damages in a sum fixed under the Trust Agreement and interest shall be due. The Trust Agreements provides that in the event that contributions for employee benefits are



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

delinquent, the delinquent employer becomes liable for interest on the outstanding contributions at the rate of 12% per annum, from the date due until paid; liquidated damages at the rate of 20% of contributions outstanding at the time suit is filed; and reasonable attorney fees and costs.

15.

An audit of employer's books and records for the period October 2022 through December 2025 showed contributions owing in the amount of $96,436.36 due to unpaid contributions and underpayments of contributions.

16.

Notification of the amounts owed and demand for payment were mailed to employer on August 19, 2026 and September 18, 2026. Employer failed to respond.

As a result of unpaid contributions owing to the Trust Funds under 29 USC § 1132(g)(2) and the Trust Agreements, now due and owing from Defendant is interest on the unpaid contributions, calculated at the rate of 12% per annum from the date contributions were due until paid, or the sum of $31,369.29 calculated through October 31, 2026; and liquidated damages, calculated at the rate of 20% of outstanding contributions, in the sum of $19,287.28.

17.

The Trust Agreements which govern the Trust Funds provide that in the event that Defendant fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee and all their costs to be determined herein. Plaintiffs are also entitled to their reasonable attorney fees and costs under the provisions of 29 USC § 1132(g)(2).

WHEREFORE, plaintiffs pray for judgment against Defendant as follows:

1. For unpaid contributions in the amount of $96,436.36;

2. For liquidated damages due arising from the non-payment of contributions in the sum of $19,287.28;



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

3. For interest arising from the late payment of calculated at the rate of 12% per annum from the date payment was due through the date payment is received, or calculated in the amount of $31,369.29 through October 31, 2026;

4. For audit costs in the amount of $11,251.00; and

5. For Plaintiff's reasonable attorney fees and costs and disbursements incurred herein.

DATED: October 27, 2026

BENNETT HARTMAN, LLP

s/Kate D. Flanagan
Kate D. Flanagan, OSB No. 213716
Email: kate@bennetthartman.com
Telephone: 503.227.4600
Of Attorneys for Plaintiff